## THE NACOOCHEE.

(District Court, D. Massachusetts. September 22, 1921.)

No. 1509.

Seamen ⬤⟞29 (1)—Accident to quartermaster, oiling steering engine, held not caused by master's negligence.

Where quartermaster, while oiling, as ordered, steering engine in small room under pilot house, had his hand crushed when the vessel lurched, the negligence of the master did not appear, either as respects the lighting of the room or in ordering him to do work outside his duties, for which he was not fitted, where evidence showed that he started to oil the engine without artificial light, although there were plenty of available lanterns on the ship, and that, if the oilers failed to oil the engine, it was regarded as more or less within the scope of the duties of the quartermaster, who was experienced, to do so.

In Admiralty. Libel by Victor Greenwood against the steamship Nacoochee. Libel dismissed.

Russell, Moore & Russell, of Boston, Mass., for claimant.

P. Edward Fardy, John J. O'Connor, and Walter H. Watson, all of Boston, Mass., for libelant.

MORTON, District Judge. This is a libel for personal injuries sustained by the libelant while serving as quartermaster on the steamship Nacoochee. It was heard in open court entirely on oral testimony. The facts are as follows:

The libelant was ordered by the first mate to oil the steering engine, which is located in a small room under the pilot house. While he was doing so, and was in a crouching position, the vessel gave a lurch, which threw him off his balance. He put out his hand quickly to steady himself, and it was caught between the wheel rope and the pulley on the engine, and so badly crushed that three fingers had to be amputated. The negligence charged is failure to have the room properly lighted, and ordering the libelant to do work for which he was not fitted, and which lay outside the scope of his duties.

---

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

As to the lighting, the room in question was equipped with electric lights, but the current was not on during the daytime, when this accident happened. A lantern hung outside, but there was no oil in it. The libelant went to the lamp room and found it locked. He then got an oil can and started to oil the engine without any artificial light. It had a full-sized door, which was hooked back and made the room pretty light. There were plenty of lanterns on the ship, and the libelant could have hunted up the porter and got one that was filled. The charge that the ship was at fault in respect to the lighting was not argued on behalf of the libelant, and it is not established by the evidence.

As to the alleged improper order, the libelant had been 15 years at sea, and had been acting as quartermaster since some time in May. The accident happened on October 1, 1916. During that interval he had, on his own testimony, oiled the steering engine several times without accident. He understood what the work required and the dangers which it involved. Primarily it was the duty of the oilers to oil this engine; but, if the engine was in need of oiling, it seems to have been regarded as more or less within the scope of the quartermaster's duty to see that it was oiled, so that it would run well. The order to oil the engine was not negligence, unless it required the libelant to do something which was so dangerous and for which he was so ill-equipped that injury to him from obedience was likely to result, which was plainly not this case. As the order was not a negligent one to give. Act March 4, 1915, § 20 (38 Stat. 1185 [Comp. St. § 8337a]) need not be considered. See Chelentis v. Luckenbach Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; Crockett v. Brandt (C. C. A.) 271 Fed. 415.

The libel must be dismissed. So ordered.