## BOVICH v. UNITED STATES.

### No. 24525.

District Court, N. D. California, S. D.

Jan. 30, 1947.

Albert Michelson, of San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal. (John H. Black and Edward R. Kay, both of San Francisco, Cal., of counsel), for United States.

ST. SURE, District Judge.

This is a libel in personam basically under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688, brought against the United States pursuant to the privilege granted by § 2 of the Suits in Amiralty Act, 46 U.S.C.A. § 742, and Public Law 17, Act Mar. 24, 1943, c. 26, 57 Stat. 45, 50 U.S.C.A. Appendix, § 1291. The libel is stated in two causes of action; one for damages and the other for maintenance and cure. Allegations pertinent to decision on the first, in substance, are: Libelant's employment by the United States through the War Shipping Board, as a seaman on the S. S. Charles J. Colden; his injury in course of his employment while the vessel was lying in navigable waters and being loaded; negligence of respondent in failing "to have a licensed or other officer overseeing or supervising" the loading; negligence of a boatswain in ordering libelant "to carry a garbage can on said main deck between large heavy crates thereon, although there was no clear, open or safe passageway through which libelant could [execute the order] without danger of being injured"; negligence of respondent in failing to furnish libelant a safe place to work; and damages in the amount of $25,000.

Oral evidence was confined to testimony of libelant and one Kazem-Beck, to both of whom the order was directed. Aside from documentary evidence irrelevant to the only controverted issue, i. e. negligence, this was the only evidence before the Court. The testimony of the two witnesses is in complete harmony. It shows that on January 3, 1945, while the Charles J. Colden was moored portside to a dock at Oro

Bay, New Guinea, "the Army" was loading large crates, each containing either a tractor or a small tank, on the starboard side of the vessel back of No. 4 hatch, by means of boom equipment on the portside. About 9 o'clock a. m. the boatswain ordered libelant and Kazem-Beck to go aft of No. 4 hatch and move a number of empty garbage cans (of ordinary household size) forward next to the deckhouse (amidship), which was a distance of 50 or more feet. At the time the order was given two crates had already been deposited by Army stevedores near No. 4 hatch. These crates stood about 3 feet apart and from 18 inches to 2 feet from the tafrail. Libelant and Kazem-Beck each picked up a garbage can, libelant following Kazem-Beck, who proceeded toward his destination via the space between the taffrail and the first crate. By reason of a starboard list and a slippery deck Kazem-Beck slipped, fell to the deck and his can went overboard. Libelant then chose his course between the two crates and, for lack of space, instead of carrying his can he "backed up" and dragged it behind him. While so engaged a third crate weighing two tons, as it swung on the boom, hit one of the two stationary crates between which libelant was passing. The crate so struck moved and "jammed" libelant's leg between the garbage can and the other crate, resulting in the injury for which damages are sought. Cross examination revealed libelant's knowledge of the loading operation, as well as the fact, that the port deck was clear except for the boom equipment.

Parenthetically, it appears libelant received his wages for the remainder of the voyage and maintenance and cure to a given date.

■ The essence of libelant's grievance is negligence of the boatswain in allegedly ordering him to carry the cans "between" the crates. There is no evidence to support this alleged order. The order was in effect to move the cans from one position to another, without specification of any route of travel. There was no negligence involved in that order; and the fact that loading of the crates by boom was in progress did not convert the innocuous order into an act of negligence. See Crockett v. Brandt, 2 Cir., 271 F. 415; The Nacoochee, D.C. Mass., 275 F. 876. It is not too much to say that under the circumstances here shown, libelant failed to exercise ordinary prudence in choosing to pass between the crates while he knew other crates were being swung into position. Employment as a seaman does not relieve one so employed from the universal obligation to exercise ordinary care. On the contrary, a seaman assumes the risks incidental to his employment. The Cricket, 9 Cir., 71 F.2d 61, 63; Roberts v. United Fisheries Vessels Co., 1 Cir., 141 F.2d 288, 293.

So far as the first cause of action is concerned, the libel must be dismissed for failure of libelant to sustain his burden of proof.

■ As to the second cause of action counsel for respondent at the trial, in effect, stipulated—at least counsel for libelant made no objection to the calculation—that libelant was entitled to maintenance at the rate of $3.50 per day for approximately 270 days, a total of $945. This is subject to correction as to the exact number of days.

Decree will be entered dismissing the first cause of action, and in favor of libelant on the second cause of action.

Counsel may submit findings of fact and conclusions of law.